UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-2338(DSD/SRN)

Scott Malcolm and Tim McGough,                                    **ORDER**
as Trustees of the Carpenters
& Joiners Welfare Fund, Twin
City Carpenters Pension Master
Trust Fund, and Twin City
Carpenters Vacation Fund;
Scott Malcolm as Trustee of
the Carpenters & Joiners
Apprenticeship and Journeyman
Training Trust Fund, and
each of their successors,

Michael Gavanda and Gary Larson,
as Trustees of the Painters
and Allied Trades District
Council No. 82 Health Care Fund;
Michael Gavanda and William Grimm,
as Trustees of the Minneapolis
Local 386 Drywall Finishing
Industry Pension Fund, Minneapolis
Painting Industry Pension Fund,
Minneapolis Painting Industry
Vacation and Holiday Fund;
Michael Gavanda and Robert Swanson,
as Trustees of the Minnesota
Finishing Trades Training Fund;
and each of their successors,

Jeff Jewett and John Nakasone,
as Trustees of the St. Paul
Painting Industry Pension Fund,
and St. Paul Painting Industry
Vacation Fund; and each of
their successors,

            Plaintiffs,
v.

Vivian M. Guerra, individually,

            Defendants.

     This matter is before the court on cross-motions for summary judgment.  Based upon a review of the file, record and proceedings

herein, and for the following reasons, the court grants plaintiffs' motion and denies defendant's motion.

## BACKGROUND

This dispute concerns an employer's required fringe benefit contributions to its employees under the Employee Retirement Income Security Act ("ERISA"). Plaintiffs Scott Malcolm and Tim McGough are trustees of the Carpenters and Joiners Fringe Benefit Funds ("Carpenters Funds") and plaintiffs Michael Gavanda, Gary Larson, William Grimm, Robert Swanson, Jeff Jewett and John Nakasone are trustees of the District Council 82 Fringe Benefit Funds ("82 Funds"). Defendant Vivian M. Guerra ("Guerra") was president of N.D.N. Drywall, Inc. ("NDN"), a Minnesota construction business specializing in hanging and taping drywall.

On April 8, 2004, Guerra executed an independent agreement with the Lakes and Plains Regional Council of Carpenters and Joiners. Through the independent agreement, Guerra bound NDN to the collective bargaining agreement ("CBA") among the Builders Division of Associated General Contractors of Minnesota; Carpentry Contractors Association; Minnesota Drywall and Plaster Association; and the Lakes and Plains Regional Council of Carpenters and Joiners (the "Carpenters Agreement"). The independent agreement included a provision that if "signed for on behalf of a corporation, ... the person signing the Agreement not only binds the corporation but

agrees to be bound individually to the full and faithful performance of all the terms and provisions of [the] Agreement." (Wilson Aff. Ex. A.)

On January 31, 2005, Guerra executed an agreement binding NDN to the CBA among the Minnesota Painting and Wallcovering Employers Association; Painters and Allied Trades District Council 82 of Minnesota; and the International Union of Painters and Allied Trades, AFL-CIO (the "Painters Agreement"). The January 31 agreement also contained a provision of personal responsibility, stating that if bonding requirements[1] set forth in the agreement were unmet the "Agreement shall become binding personally and individually upon the undersigned Employer and each of the individual owners, partners and stockholders of the Employer for the full and faithful performance of all terms of [the] Contract." (Thompson Aff. Ex. 4.)

The Carpenters and Painters Agreements required NDN to make monthly contributions to certain fringe benefit funds - such as pension, health and welfare, vacation, dental, apprenticeship and promotion - for which the plaintiffs serve as trustees. The Agreements also instructed NDN to provide reports documenting its

---

[1] Article XIX, section 6 of the Painters Agreement requires an employer signatory to furnish an "Employers Contractual Bond or fund approved Escrow Account" that guarantees the employer's obligation to the fringe funds and other obligations. The amount of the bond is dictated by the number of employees covered by the agreement who work for the employer. (See Wilson Aff. Ex. E, art. XIX, § 6.) NDN did not meet these bonding requirements.

contributions to the funds during 2004 and 2005.  Upon review of these reports in 2006, the funds' auditor discovered that NDN was deficient in its contributions.  Specifically, NDN owed the Carpenters Funds $16,241.02 and the 82 Funds $32,404.40 in fringe benefit contributions.  (Wilson Aff. ¶¶ 16-17.)  The Agreements also dictate that an employer must pay an additional 10% in liquidated damages of all contributions not paid in a timely manner as well as plaintiffs' reasonable attorney fees and costs in an action to recover the delinquent contributions.  (See Wilson Aff. Ex. E, art. XXVI; Ex. F, art. XXVI.)  By adding these costs - $1,624.10 in liquidated damages to the Carpenters Funds, $3,640.44 to the 82 Funds and $12,859.44 in attorney fees and costs - the total amount owed is $21,851.54 to the Carpenters Funds and $48.917.88 to the 82 Funds.  Such amounts are undisputed.

Plaintiffs filed this action against Guerra and NDN on June 8, 2006, to recover the delinquent fringe benefit contributions, the liquidated damages and reasonable attorney fees and costs.  NDN ceased business operations in April 2007, filed for Chapter 7 bankruptcy on May 23, 2007, and was dismissed from the action without prejudice on July 31, 2007.  Plaintiffs now argue that Guerra is individually responsible for all of the outstanding contributions, damages and fees.  Guerra disagrees.  Both parties move the court for summary judgment.

**DISCUSSION**

**I.  Standard of Review**

The moving party in a motion for summary judgment will prevail if it demonstrates to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324.  Moreover, if a nonmoving party cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II. Guerra's Individual Liability**

Although conceding NDN's liability, Guerra maintains that she is not individually responsible for the contributions, liquidated

5

damages and attorney costs under the Carpenters and Painters Agreements. She argues that she signed the agreements in her official capacity as president of NDN and that the personal liability provisions of each agreement did not bind her individually. She maintains she could not be so bound unless the agreements contained a second signature block for a personal guarantee.

Generally, an agent making a contract for a disclosed principal does not become a party to the agreement. See Hanna Mining Co. v. Minn. Power & Light Co., 573 F. Supp. 1395, 1398 (D. Minn 1983). However, although "Congress did not intend corporate officers to be personally liable under [ERISA], such officers [can] be personally liable ... if the terms of the plan impose[] such liability on them." Rockney v. Blohorn, 877 F.2d 637, 643 (8th Cir. 1999). By signing a collective bargaining agreement or otherwise expressly accepting liability, an employer can be held personally responsible - independent of ERISA - to make benefit contributions. See id. at 643; Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Legal Servs. Fund & Annuity Fund v. Lallo, 35 F.3d 29, 37 (2d Cir. 1994).

Contractual liability is governed by state law. See Rockney, 877 F.2d at 643. Under Minnesota law, a corporate officer "may personally guarantee the obligations of a corporation." Universal Lending Corp. v. Wirth Cos., Inc., 392 N.W.2d 322, 325 (Minn. Ct.

App. 1986). A guaranty "is construed the same as any other contract, the intent of the parties being derived from the commonly accepted meaning of the words and clauses used, taken as a whole." Am. Tobacco Co. v. Chalfen, 108 N.W.2d 702, 704 (Minn. 1961). Courts give unambiguous contract language its "plain and ordinary meaning" and will enforce it "even if the result is harsh." Minneapolis Pub. Hous. Auth. v. Lor, 591 N.W.2d 700, 704 (Minn. 1999). Therefore, the parties' "outward manifestation of assent is determinative, rather than a party's subjective intention." Speckel ex rel. Speckel v. Perkins, 364 N.W.2d 890, 893 (Minn. Ct. App. 1985).

Both of the agreements Guerra signed contained a personal liability provision. The language in each agreement declaring the signatory's individual liability is clear and unambiguous. Further, no authority mandates the presence of two separate signature blocks in order to impose personal liability on a signatory where the express language of the contracts clearly states the terms of liability. See The Trs. of the Minn. State Basic Bldg. Trades Fringe Benefit Fund v. GibSons Constr. Enters., Inc., No. Civ. 01-2170, 2003 WL 21058163, at *3 (D. Minn. May 6, 2003). Accordingly, Guerra is personally liable - as dictated by the clear language of each agreement - for the delinquent fringe benefit contributions, the liquidated damages and plaintiffs' attorney fees and costs.

**CONCLUSION**

Therefore, **IT IS HEREBY ORDERED** that:

1.   Plaintiffs' motion for summary judgment [Doc. No. 17] is granted;

2.   Defendant's motion for summary judgment [Doc. No. 23] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:   November 29, 2007

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court